**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 26 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PETER RAY ARAGON, also known as Peter Laycock Aragon,

       Petitioner-Appellant,

v.

LAWRENCE TAFOYA, Warden; PATRICIA A. MADRID, Attorney General,

       Respondents-Appellees.

No. 01-2320
(D.C. No. CIV-99-1004 JP/WWD)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Peter Ray Aragon appeals from an order of the district court denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We granted Mr. Aragon a certificate of appealability on the two issues he raised in his brief on appeal. We now affirm.

In 1997, Mr. Aragon was convicted by a jury of attempted escape from jail, in violation of N.M. Stat. Ann. § 30-22-8. He was sentenced to eighteen months on the escape charge with eight years added based on his habitual offender status. The New Mexico Court of Appeals affirmed his conviction and the New Mexico Supreme Court denied his petition for certiorari.

Mr. Aragon ultimately raised two issues in his petition seeking federal habeas relief, ineffective assistance of counsel at trial and denial of a fair trial due to prosecutorial misconduct. The district court denied the petition.

We are governed in this appeal by the provisions of AEDPA, 28 U.S.C. § 2254(d). Because the New Mexico state courts addressed Mr. Aragon's claims on the merits, he

> will be entitled to federal habeas relief only if he can establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

<u>Toles v. Gibson</u>, 269 F.3d 1167, 1172 (10th Cir. 2001) (quotations omitted).  In making this determination, we presume the state courts' determinations of historical fact are correct.  28 U.S.C. § 2254(e)(1).

Mr. Aragon asserts trial counsel was  ineffective because counsel refused to call a witness, Frank Martinez, who would testify that he was responsible for cutting the jail cell bar several months before Mr. Aragon was placed in the cell. At the end of the state's presentation, both the court and defense counsel assessed the state's case as weak.  Counsel made the tactical decision that no defense was necessary to obtain an acquittal because the state had presented no evidence showing the cuts found on the cell bar were recent, no shavings were found, and the jail had no policies in place to routinely inspect cell bars.  Contrary to this advice, Mr. Aragon insisted that he be permitted to tell the "whole story."  He then admitted to having a hacksaw blade, to being in the cell, that his cellmate was not involved, and that he had merely pretended to cut the cell bar.

To prevail on an ineffective assistance of counsel claim, Mr. Aragon must establish both that counsel's performance objectively fell below the standard of reasonableness and that the deficient performance was prejudicial.  <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984)  .  He must overcome the strong presumption that counsel's decisions "might be considered sound trial strategy."  <u>Id.</u> at 689 (quotation omitted).

-3-

Mr. Aragon primarily faults counsel for not interviewing Mr. Martinez and being prepared to present him at trial. He asserts he was thereby prejudiced because he was "forced" to testify based on his opinion that counsel had not adequately prepared his defense prior to trial. He contends that if counsel had interviewed the witness, he would have been convinced of counsel's "good faith" and "may well have" followed counsel's advice not to testify. Aplt. Br. at 26.

A criminal defendant has a fundamental constitutional right to testify in his own behalf at trial. Rock v. Arkansas, 483 U.S. 44, 49-52 (1987). "This right is personal to the defendant and cannot be waived either by the trial court or by defense counsel." United States v. Teague, 953 F.2d 1525, 1532 (11th Cir. 1992). "The wisdom or unwisdom of the defendant's choice does not diminish his right to make it." Wright v. Estelle, 572 F.2d 1071, 1079 (5th Cir. 1978); see also United States v. Janoe, 720 F.2d 1156, 1161 & n.10 (10th Cir. 1983) (defendant, not counsel, makes the decision whether to testify). "[T]he client . . . is the master of his . . . defense." Teague, 953 F.2d at 1533.

Defense counsel is responsible for advising his client of his right to testify or not to testify and of the strategic implications of each choice. "[I]f counsel believes that it would be unwise for the defendant to testify, counsel may, and indeed should, advise the client in the strongest possible terms not to testify." Teague, 953 F.2d at 1533. Mr. Aragon's counsel did so here.

The New Mexico Court of Appeals viewed counsel's advice to Mr. Aragon as trial strategy, and Mr. Aragon does not contest the state trial court's conclusion that his "silence may well have resulted in an acquittal." Aplt. Br. at 26. While Mr. Aragon argues that counsel's failure to interview Mr. Martinez prior to trial itself indicates counsel's ineffectiveness, counsel had an affidavit from Mr. Martinez and therefore knew what his testimony would be. Given the deference we owe the New Mexico Court of Appeals under the heightened AEDPA standard, we cannot say the court unreasonably applied Strickland in deciding Mr. Aragon had failed to establish he received ineffective assistance of counsel. See 28 U.S.C. § 2254(d)(1).

Mr. Aragon also argues he was denied a fair trial due to statements made by the prosecutor. Prosecutorial misconduct warrants habeas relief only if it so infects the trial "as to make the resulting conviction a denial of due process." Mayes v. Gibson, 210 F.3d 1284, 1293 (10th Cir. 2000) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)), cert. denied, 531 U.S. 1020 (2000). After considering the prosecutor's comments in the context of the proceeding as a whole, see id. and applying the AEDPA standard, we are not persuaded the conduct rose to a level that rendered Mr. Aragon's conviction a denial of due process. We reject Mr. Aragon's claim of prosecutorial misconduct substantially

for the reasons stated by the magistrate judge in his report and recommendation as adopted by the district court in its order of October 10, 2001.

We AFFIRM the judgment of the district court.

Entered for the Court


Stephanie K. Seymour
Circuit Judge